UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Erin Brittney Patrick, et al.,

Plaintiffs

v.

Acquisition.com, et al.,

Defendants

Case No. 2:26-cv-01484-CDS-MDC

**Order Adopting Magistrate Judge's Report and Recommendation**

[ECF No. 5]

Plaintiffs Erin Brittney Patrick and Frank Lofaro initiated this lawsuit against Acquisition.com, Skool LLC Inc., Evan Feldstein, Alexander Hormozi, and Leila Hormozi by submitting a single application to proceed *in forma pauperis* (IFP). ECF No. 1. Upon review, U.S. Magistrate Judge Maximiliano D. Couvillier could not determine whether the plaintiffs qualified for IFP status. ECF No. 4. As a result, he ordered them to separately file long-form applications or pay the full filing fee by July 8, 2026. *Id.* That deadline passed without the plaintiffs filing their individual long-form IFP applications or paying the filing fee, so Judge Couvillier issued a report and recommendation (R&R) to dismiss this case. R&R, ECF No. 5.

Under 28 U.S.C. § 636(b)(1)(C) and Local Rule IB 3-2(a), the plaintiffs had until October 13, 2026, to file any objections to the R&R. ECF No. 5 at 3 (stating that parties wishing to object to an R&R must file specific written objections with supporting points and authorities within fourteen days). That deadline also passed, and no objections to the R&R are filed.[1]

Although de novo review is not required, I nonetheless make an independent review here. Indeed, the plaintiffs have not responded to Judge Couvillier's order, nor have they otherwise

[1] The R&R was returned as undeliverable (*see* ECF No. 6), so the plaintiffs have also failed to notify the court of their current address, a violation of Local Rule IA 3-1 (a "pro se party must immediately file with the court written notification of any change of mailing address"). Even so, Judge Couvillier's prior order directing the plaintiffs to file individual long-form IFP applications or pay the filing fee was not returned as undeliverable.

participated in this case since the original filings. In light of this, Judge Couvillier considered the factors set forth in *In re Phenylpropanolamine Product Liability Litigation* and found they weighed in favor of dismissal.[2] ECF No. 5 (citing 460 F.3d 1217, 1226 (9th Cir. 2006)). I agree that dismissal is warranted. This litigation cannot move forward without the participation of the plaintiffs, and because they also failed to update their address, issuing another order is not a meaningful alternative in this circumstance. *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."). There is no less drastic sanction than dismissal available when the court cannot contact the plaintiffs to communicate the alternatives. I therefore adopt the magistrate judge's findings and accept the R&R in full.

## Conclusion

It is hereby ordered that the magistrate judge's report and recommendation **[ECF No. 5] is accepted and adopted in full**. This case is dismissed without prejudice. The Clerk of Court is kindly directed to close this case.

Dated: November 4, 2026

Cristina D. Silva
United States District Judge

[2] Those factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).